Kristine J. Beal
John B. Horrell
**BEAL LAW FIRM, PLLC**
121 Hickory St., Suite 4
P.O. Box 8898
Missoula, MT 59807-8898
Telephone:  (406) 728-2911
Facsimile:  (406) 728-2912
Email:  kbeal@beallawfirm.com

Attorneys for Defendant
Werner Enterprises, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| THOMAS ST. VINCENT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WERNER ENTERPRISES, INC.;<br>JANVIER SMYTH; and JEAN<br>GETRO ROSIER,<br><br>　　　　Defendants. | Cause No. CV-08-73-M-DWM-JCL<br><br>**DEFENDANT WERNER ENTERPRISES, INC.'S PETITION AND NOTICE OF REMOVAL** |

Defendant Werner Enterprises, Inc., alleges as follows:

1.　　The above-entitled action was filed in the Montana Fourth Judicial District, Mineral County, on February 19, 2008, and is now pending in said Montana District Court.

2.　　The Summons and Complaint filed in this matter were served upon Defendant Werner Enterprises, Inc. ("Defendant Werner"), on or about

April 25, 2008.

3.     Upon information and belief, and per the allegations contained in the Complaint, at the time of commencement of this action, the Plaintiff is believed to be a resident and citizen of Minnesota.

4.     At the time of commencement of this action, Defendant Werner was and is now a corporation organized and existing under the laws of the state of Nebraska with its principal place of business in Sarpy County and was and is now authorized to do business in the State of Montana.

5.     The Plaintiff alleges in the Complaint that, at the time of commencement of this action, Defendant Smyth Janvier was and is now a resident and citizen of the State of Florida.

6.     Upon information and belief, at the time of commencement of this action, Defendant Jean Getro Rosier was and is now a resident and citizen of the State of North Carolina.

7.     This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and thus this action is removable to this Court under 28 U.S.C. § 1441(a) and (b).

8.     The amount in controversy claimed by Plaintiff in this action, exclusive of interest and costs exceeds Seventy-Five Thousand Dollars ($75,000.00).   Attached hereto as **Exhibit A** is a copy of a letter from Plaintiff's counsel dated May 15, 2008 stating that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9.     Copies of the Complaint and Summons served upon Defendant Werner in said Montana District Court action are attached hereto as **Exhibit**

**B**.  Copies of all other pleadings which have been filed in the state court file will be forwarded by the Clerk of the said court.

Dated this 23rd day of May, 2008.

/s/ Kristine J. Beal

Kristine J. Beal
Attorney for Defendant
Werner Enterprises, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Beal Law Firm, PLLC, hereby certify that a true and correct copy of the foregoing was forwarded as set forth below, at Missoula, Montana this 23rd day of May, 2008.

|     |     |
| --- | --- |
| 1   | CM/ECF |
|     | Hand Delivery |
| 2   | Mail |
|     | Overnight Delivery Service |
|     | Fax |
|     | E-Mail |

1.    Clerk, U.S. District Court

2.    Milton Datsopoulos, Esq.
      Datsopoulos, MacDonald & Lind, P.C.
      201 West Main, Suite 201
      Missoula, MT 59802
      kprazak@dmllaw.com
      **Attorneys for Plaintiff**

/s/ Kristine J. Beal

Kristine J. Beal
Attorney for Defendant
Werner Enterprises, Inc.

**DEFENDANT WERNER ENTERPRISES, INC.'S PETITION AND NOTICE OF REMOVAL**

# Exhibit A

BEAL LAW FIRM, PLLC

# Datsopoulos, MacDonald & Lind, P.C.

### Attorneys at Law

| | | |
|---|---|---|
| Milton Datsopoulos | Central Square Building | Molly K. Howard |
| Dennis E. Lind | 201 W. Main Street, Suite 201 | Phil McCreedy |
| William K. VanCanagan | Missoula, MT 59802 | Trent N. Baker |
| Rebecca L. Summerville | | Erika R. Peterman |
| David B. Cotner | Phone: 406.728.0810 | Del M. Post |
| William V. Ballew III* | Fax: 406.543.0134 | Peter F. Lacny |
| Darla J. Keck | www.dmllaw.com | ✦ Matthew A. Baldassin |
| Terance P. Perry⅄ | | Joslin E. Monahan |
| | Ronald B. MacDonald (1946-2002) | |

• Also admitted in New Mexico & Texas
✦ Also admitted in Washington
⅄ Also admitted in Massachusetts

May 15, 2008

**RECEIVED**

MAY 16 2008

Beal Law Firm

Kristie Beal
Beal Law Firm, PLLC
121 Hickory St., Suite 4
PO Box 8898
Missoula, MT 59807-8898

RE:   **St. Vincent v. Werner Enterprises**

Dear Kristie:

Please be advised that I have reviewed your letter dated May 14, 2008 on this date in that I was in a case in Kalispell the last two days and did not return to my office until this morning.

You should be advised that the amount in controversy with the above-referenced case does exceed $75,000.00.  I will ask my office to set up a telephone conference at a mutually convenient time so that we can discuss this matter further.

Thank you.

Very truly yours,

Datsopoulos, MacDonald & Lind, PC

Milton Datsopoulos

MD/dll
Enclosures: a/s

**DEFENDANT WERNER ENTERPRISES, INC.'S PETITION AND NOTICE OF REMOVAL**

# Exhibit B

BEAL LAW FIRM, PLLC

FILED THIS ____19th____ DAY
OF __February__ 20 08
KATHLEEN M. BROWN, CLERK
BY:_____MC_____

1  **Milton Datsopoulos**
   DATSOPOULOS, MacDONALD & LIND, P.C.
2  201 West Main Street, Suite 201
   Missoula, Montana 59802
3  Telephone: (406) 728 – 0810

4  Attorneys for Plaintiff

5

6

7

8  **MONTANA FOURTH JUDICIAL DISTRICT COURT, MINERAL COUNTY**

9

10 **THOMAS ST. VINCENT,**

11         **Plaintiff,**              **Dept. No.** #1
           **vs.**                     **Cause No.** DV 08-17

12                                      **SUMMONS**

13 **WERNER ENTERPRISES, INC.;**

14 **JANVIER SMYTH;**

15     **And**

16 **JEAN GETRO ROSIER,**

17              **Defendants.**

18 **THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-**
19 **NAMED DEFENDANT: WERNER ENTERPRISES, INC.** NRA I

20
         YOU ARE HEREBY SUMMONED to answer the Complaint in this
21
22 action, which is filed in the office of the Clerk of this Court, a copy of which

23 is herewith served upon you, and to file your answer and serve a copy

24 thereof upon the Plaintiffs' attorney, Milton Datsopoulos of the law offices of
25
   Datsopoulos, MacDONALD & Lind, P.C., 201 W. Main, Suite 201, Missoula,

*Summons*                                                    **1**

2

Montana 59802, within twenty (20) days after the service of this Summons,

exclusive of the day of service; and in case of your failure to appear to

answer, judgment will be taken against you by default, for the relief

demanded in the Complaint.

   WITNESS my hand and seal of said Court, the 19th day of February

____, 2008.

                              CLERK OF DISTRICT COURT

(SEAL)

                              By _Melanie A. Claflin_

                                   Deputy Clerk

*Summons*

2

FILED THIS __19th__ DAY
OF __February__ 20 __08__
KATHLEEN M. BROWN, CLERK
BY: __/S/__

1 | **Milton Datsopoulos**
DATSOPOULOS, MacDONALD & LIND, P.C.
2 | 201 West Main Street, Suite 201
Missoula, Montana  59802
3 | Telephone: (406) 728 – 0810

4 | Attorneys for Plaintiff

5

6

7

8 | **MONTANA FOURTH JUDICIAL DISTRICT COURT, MINERAL COUNTY**

9

10 | **THOMAS ST. VINCENT,**

11 | **Plaintiff,**        Dept. No.
**Cause No.** DV-31-2008-0000017-NC
**vs.**

12 | **WERNER ENTERPRISES, INC.;**        **COMPLAINT AND DEMAND FOR JURY TRIAL**

13

14 | **JANVIER SMYTH;**

15 | **And**

16 | **JEAN GETRO ROSIER,**

17 | **Defendants.**

18

19 |        COMES NOW Thomas St. Vincent, Plaintiff, and for his Complaint

20

21 | against Werner Enterprises, Inc., hereinafter "Defendant Werner",

22 | Defendant Janvier Smyth, hereinafter "Defendant Smyth," and Defendant

23 | Jean Getro Rosier, hereinafter "Defendant Rosier," states and alleges as

24

25 | follows:

*Complaint & Jury Demand*                                        COPY Page 1

## IDENTIFICATION OF PARTIES

1.      On or about March 26, 2006, Plaintiff had been a resident of the State of Alaska and was in transit to Flathead County, Montana.  Plaintiff had obtained employment in Kalispell, Montana, where he intended to reside. Presently, Plaintiff resides in Minnesota.

2.      To the best of Plaintiff's knowledge, Defendant Werner is a trucking company incorporated in a state other than Montana, but is registered to do business in the State of Montana.

3.      To the best of Plaintiff's knowledge, Defendant Smyth is a resident of Florida and was an employee of Defendant Werner on March 26, 2006.

4.      To the best of Plaintiff's knowledge, Defendant Rosier was an employee of Defendant Werner on March 26, 2006.  Plaintiff is without knowledge of the residence of this Defendant.

## JURISDICTION

5.      Jurisdiction is proper because this tort was committed within Mineral County, and involves a Defendant who is incorporated in a state other than Montana.

//

//

*Complaint & Jury Demand*                                                      Page 2

 

## COMPLAINT

6.   On or about the morning of March 26, 2006, Plaintiff was driving his pickup truck eastbound on Interstate 90 just east of the summit of Lookout Pass in Mineral County, Montana.

7.   Plaintiff was in the process of moving from Alaska to Flathead County, Montana. All of the Plaintiff's items of personal property were being transported in the bed of his truck.

8.   While traveling west on Interstate 90, on the eastern side of Lookout Pass, Plaintiff observed two cars pulled off to the shoulder of the highway, one of which was stuck in the snow berm. Plaintiff pulled over to the shoulder of the roadway and parked his truck in front of the two cars so as to assist them in freeing the vehicle which was stuck in the snow.

9.   As the Plaintiff and adult occupants of the other two vehicles attempted to free the car they heard loud noise coming towards them. Plaintiff observed a tractor trailer owned by Defendant Werner rapidly approaching – jack-knifed and totally out of control occupying both of the eastbound traffic lanes.

10.   Defendant Werner's tractor trailer was being operated by employee, Defendant Smyth, a newly hired employee who was in training.

 

11. Accompanying Defendant Smyth in the tractor trailer was Defendant Rosier, and who was in charge of training Defendant Smyth.

12. As the tractor trailer rapidly approached the parked vehicles, Defendant Rosier was asleep in the tractor trailer's sleeper compartment.

13.   To avoid being hit by the out-of-control tractor trailer, Plaintiff and the other adults present scrambled onto the snow berm.

14.   The jack-knifed tractor trailer barely missed striking into the vehicle which was stuck in the snow. However, the tractor trailer violently collided with the rear of the car parked immediately in front of stuck vehicle; this vehicle was occupied by several small children who were trapped in the damaged vehicle.

15.   The tractor trailer then collided with Plaintiff's truck in a violent fashion causing extreme damage and scattering all of Plaintiff's personal belongings (being transported in the pickup bed) all over the road and snow.

16.   Plaintiff rushed to the vehicle with the children occupants in an effort to free them from the vehicle. The rear of the vehicle was severely smashed and there was a smell of gasoline in the air.

17.   To extract the children and avoid the risk of explosion, Plaintiff with great exertion attempted to force open the rear door, free the children, and

move them to safety. Plaintiff, after great effort, freed the children and carried them while traversing deep snow to move them out of the road and away from the immediate danger.

18. The incident caused the Plaintiff physical injury, property damage, and serious emotional distress.

## COUNT I - NEGLIGENCE OF DEFENDANT SMYTH

19. Plaintiff re-states and affirms the allegations set forth in Paragraphs 1 through 18 as though fully set forth herein.

20. As operator of the tractor trailer, Defendant Smyth owed a duty to the Plaintiff, and all similarly situated individuals present on Interstate 90 who could be foreseeably injured by his careless actions, to act with reasonable care in the operation of the tractor trailer.

21. Defendant Smyth breached this duty of reasonable care by his negligent acts and omissions which include, but are not limited to the following:

(a) Failing to act in a reasonable and prudent manner;

(b) Failing to keep a proper lookout by being inattentive while driving;

(c) Failing to travel at a safe speed given the weather conditions which existed at the time;

(d) Operating a vehicle without due regard for the right, safety and position of Plaintiff; and

(e)   Failing to stop his vehicle and avoid collision with the Plaintiff's vehicle and the vehicles of others.

22.   As a direct and proximate result of Defendant Smyth's negligence Plaintiff has suffered physical injuries required by his efforts to scramble for safety, remove the children from the damaged car, and ensure they were moved to a position of safety; physical and mental pain and suffering; property damage; severe emotional distress; and out of pocket expenses.

## COUNT II - NEGLIGENCE PER SE OF DEFENDANT SMYTH

23.   Plaintiff re-states and affirms the allegations set forth in Paragraphs 1 through 22 as though fully set forth herein.

24.   Defendant violated Mont. Code Ann. § 61-8-303 (2007) and by failing to operate his vehicle in a reasonable and prudent manner given the snowy and icy road conditions.  Defendant received a citation for this violation.

25.   Defendant violated Mont. Code Ann. § 61-8-303 (2007) when he failed to operate his vehicle in a careful and prudent manner which endangered the life, limb, and property of the Plaintiff.  Defendant did so by failing to remain attentive to the surroundings and position of other vehicles on the roadway, failing to drive at a proper speed for the given road conditions, and by failing to stop before striking Plaintiff.

26.   Defendant was negligent per se in that:

(1)   Defendant violated Mont. Code Ann. §§ 61-8-303 (2007), which is a safety statute;

(2)   Mont. Code Ann. §§ 61-8-303 (2007) was enacted to protect a specific classes of persons;

(3)   Plaintiff is a member of this class;

(4) Plaintiff's damages are the sort that Mont. Code Ann. §§ 61-8-303 (2007) was enacted to prevent; and

(5) Mont. Code Ann. §§ 61-8-303 (2007) was intended to regulate the class of persons of which Defendant is a member.

27. As a direct and proximate result of Defendant's negligent conduct, Plaintiff has sustained physical injuries resulting in medical treatment and expenses, mental pain and suffering; serious emotional distress, property damage, and out of pocket expenses.

## COUNT III – NEGLIGENCE OF DEFENDANT ROSIER

28. Plaintiff re-states and affirms the allegations set forth in Paragraphs 1 through 27 as though fully set forth herein.

29. As employee of Defendant Werner in charge and control of training and overseeing Defendant Smyth's driving techniques, Defendant Rosier owed a duty to the Plaintiff and all similarly situated individuals present on Interstate 90 who could be foreseeably injured by his failure to perform his job responsibilities with reasonable care, to act with reasonable care in the training and oversight of Defendant Smyth's driving techniques.

30. Defendant Rosier breached this duty of reasonable care by his negligent acts and omissions which include, but are not limited to the following:

(a) Failing to act in a reasonable and prudent manner;

(b) Failing to keep a proper lookout by being inattentive while driving;

(c)    Failing to ensure that Defendant Smyth traveled at a safe speed given the weather conditions which existed at the time;

(d)    Failing to remain attentive of the operation of the tractor trailer and give due regard for the right, safety and position of Plaintiff; and

(e)    By sleeping during the operation of the tractor trailer instead of overseeing the operation of the tractor trailer.

31.   As a direct and proximate result of Defendant Rosier's negligent acts and omissions, Plaintiff has suffered physical injury attributable to his efforts to scramble for safety, remove the children from the damaged car and ensure they were moved to a position of safety; physical and mental pain and suffering; property damage; severe emotional distress; and out of pocket expenses.

## COUNT IV - NEGLIGENCE OF DEFENDANT WERNER

32.   Plaintiff re-states and affirms the allegations set forth in Paragraphs 1 through 31 as though fully set forth herein.

33.   Defendant Werner owed a duty to the Plaintiff, and all similarly situated individuals present on Interstate 90 who could be foreseeably injured, to act with reasonable care in the hiring, training, and supervision of their employees.

34.   Defendant Werner breached this duty by failing to hire, train, and supervise competent employees with the requisite skill necessary to safely operate its tractor trailers on public highways.  Specifically, Defendant Werner placed the operator of the tractor trailer in the control of Defendants



1  Smyth and Rosier during a season of inclement and treacherous weather
2  without reasonable experience, training, and competence.

3  35.   As a direct and proximate result of Defendant Werner's negligence
4  Defendant Smyth was not adequately trained or supervised by a competent
5  trainer in the performance of his job duties.

6  36.   As a direct and proximate result of Defendant Werner's negligence
7  the Plaintiff has suffered physical injury attributable to his efforts to
8  scramble for safety, remove the children from the damaged car and ensure
9  they were moved to a position of safety; physical and mental pain and
10  suffering; property damage; severe emotional distress; and out of pocket
11  expenses.

12  **COUNT V – RESPONDEAT SUPERIOR**

13  37.   Plaintiff re-states and affirms the allegations set forth in Paragraphs 1
14  through 36 as though fully set forth herein.

15  38.   Pursuant to the doctrine of *respondeat superior* Defendant Werner is
16  liable for the negligent acts and omissions of their employees committed
17  while engaged in business endeavors.

18  **COUNT VI – INFLICTION OF SEVERE EMOTIONAL DISTRESS**

19  39.   Plaintiff re-states and affirms the allegations set forth in Paragraphs 1
20  through 38 as though fully set forth herein.

21  40.   Each of the Defendants owed Plaintiff a duty to act in a reasonable
22  and prudent manner and to avoid injuring him through their carelessness.

23  41.   Plaintiff was a reasonably foreseeable victim who would suffer from
24  the careless acts and omissions of the Defendants.

25

42.   As a direct and proximate result of the incidents which occurred on the morning of March 26, 2006, which was attributable to the negligence of the Defendants, Plaintiff has and continues to suffer from severe emotional distress.

43.   Plaintiff has and continues to suffer mental, emotional, and physical manifestations of this severe emotional distress.

**WHEREFORE**, having fully set forth Plaintiff's claims against the Defendants, the Plaintiff requests Judgment for damages resulting from Defendants' negligence and/or other wrongful conduct in an amount to be determined at the time of trial for:

1.   All past and future medical expenses;

2.   All past and future physical and mental pain and suffering;

3.   For the severe emotional distress suffered by Plaintiff;

4.   For the alternation of Plaintiff's normal course of life;

5.   All out-of-pocket expenses and property damage;

6.   For loss of past, present, and future earnings;

7.   For diminishment of Plaintiff's earning capacity;

8.   Plaintiff's costs of suit; and

9.   Such other and further relief as the Court may deem just and proper.

Dated this _15_ day of February, 2008.

DATSOPOULOS, MacDONALD & LIND, P.C.
Attorneys for Plaintiff

By: _____
    Milton Datsopoulos

*Complaint & Jury Demand*                                        **Page 10**

 

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all issues so triable.

DATED this ___ day of February, 2008.

DATSOPOULOS, MacDONALD & LIND, P.C.
Attorneys for Plaintiff

By: _____
Milton Datsopoulos