**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

THOMAS ST. VINCENT,

                                        CAUSE NO. CV 08-73-M-DWM-JCL
                    Plaintiff,

        vs.

                                        FINDINGS AND RECOMMENDATION
                                        OF UNITED STATES
                                        MAGISTRATE JUDGE

WERNER ENTERPRISES, INC.,
JANVIER SMYTH, and
JEAN GETRO ROSIER,

                    Defendants.

_____

    On February 19, 2008, Plaintiff Thomas St. Vincent ("St.

Vincent") filed this action in state court against Werner

Enterprises, Inc. ("Werner"), Janvier Smyth[1] ("Janvier") and Jean

Getro Rosier ("Rosier"), asserting claims for negligence,

negligence per se, respondeat superior, and infliction of severe

emotional distress.  St. Vincent's claims arise from an

automobile accident that occurred some two years ago near the

---

    [1] The Complaint apparently transposes this Defendant's first
and last names, incorrectly identifying him as "Janvier Smyth"
instead of "Smyth Janvier."  Werner's Response to Pl.'s Mot. to
Remand 3 n.2 (June 23, 2008).  For purposes of this discussion, the
Court will refer to this Defendant as "Janvier."

PAGE 1

summit of Lookout Pass in Mineral County, Montana.  Compl. ¶¶ 6, 14, 15.

St. Vincent served Werner with a copy of the Summons and Complaint on or about April 25, 2008.  Werner's Resp. Ex. 1. Werner answered in state court, and on May 23, 2008, filed a notice of removal to this Court based on diversity jurisdiction.[2] Notice of Removal ¶ 7 (May 23, 2008).  St. Vincent has since moved to remand this case to state court on the ground that the two individually named defendants have not joined in Werner's notice of removal.  Specifically, St. Vincent maintains that the notice of removal is facially deficient because it fails to explain why Janvier and Rosier did not join in the removal.

The procedure for removal is set forth in 28 U.S.C. § 1446, which requires that the party seeking to remove a case from state court file a notice of removal within thirty days of receiving, "through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."  28 U.S.C. § 1446(b).  The removal statute requires that the notice of removal contain, among other things, a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

---

[2] St. Vincent does not dispute that the prerequisites for diversity jurisdiction are met in that the parties are of diverse state citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

PAGE 2

In addition, Section 1446(a) imposes what courts have termed the "rule of unanimity," pursuant to which "all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Where, as here, the complaint names multiple defendants, the right to remove belongs to the defendants jointly and all proper defendants must join or consent to the removal notice. *Embury v. King*, 361 F.3d 562, 563 n.1 (9th Cir. 2004); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), overruled on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).

As St. Vincent recognizes, however, it is well-established that the rule of unanimity applies only to defendants who have been properly joined and served in the action. *Emrich,* 846 F.2d at 1193 n.1. St. Vincent concedes in briefing that Janvier and Rosier "have not been served." Br. in Support, 3 (June 13, 2008). As of the date of this recommendation, there is nothing in the record suggesting that St. Vincent has since accomplished service on either of these defendants. Because Janvier and Rosier have not been served, their consent to removal was not required.

PAGE 3

St. Vincent does not, and indeed cannot, dispute that Janvier and Rosier were not required to consent to the removal effected by Werner.  Taking a slightly different tack, St. Vincent nevertheless claims that Werner's notice of removal was facially deficient because it does not "explain why all non-joining Defendants have not consented to the removal or are otherwise absent from the removal notice."  Br. in Support, 7.

As a general rule, where fewer than all the defendants have joined a notice of removal, the burden is on the removing defendant to explain the absence of the remaining defendants. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other grounds as recognized in *Abrego Abrego*, 443 F.3d 676.  In *Prize Frize*, the Ninth Circuit held that where the parties disputed the sufficiency of service of process on defendants who did not join in the notice of removal, the removing defendant's failure to explain the absence of those defendants constituted a defect requiring remand.  *Prize Frize*, 167 F.3d at 1265-66.  Absent the requisite explanation in such a case, the notice of removal is "facially deficient" and may be cured within the thirty-day statutory period for removal set forth in 28 U.S.C. § 1446(b).[3]  *Prize Frize*, 167 F.3d at 1266.

_____

[3] As explained below, the Ninth Circuit has since indicated that a defendant may amend the notice of removal even after this thirty day period has passed so long as the amendment does not add a new basis for removal jurisdiction and simply serves to correct a defective allegation of jurisdiction. *ARCO Environmental*

Citing *Prize Frize*, St. Vincent notes that Werner's May 23, 2008, notice of removal does not explain why Janvier and Rosier had not consented to or joined in the removal.  St. Vincent argues this omission renders the notice of removal facially deficient, and maintains that Werner is precluded from attempting to cure this defect by way of an amended notice of removal because the thirty-day period for removal has expired.

This Court is not convinced.  While Section 1446(a) requires that a notice of removal contain "a short and plain statement of the grounds for removal," the fact that Werner did not explain why Janvier and Rosier had not joined in or consented to the removal does not necessarily render the notice of removal fatally defective in this case.  By his own admission, St. Vincent clearly knows that he has not yet effectuated service on Janvier and Rosier, and also knows that the rule of unanimity does not apply to unserved defendants.  Br. in Support, 3,5.  Because St. Vincent knew that Janvier and Rosier had not been served, there was no reason for Werner to have provided such an explanation in this case.[4]  The fact that the parties agree service on Janvier and Rosier has not yet been accomplished distinguishes this case

---

*Remediation, L.L.C. v. Dept. of Health and Environmental Qualify of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000).

[4]   The Ninth Circuit reached the same conclusion under identical circumstances in the unpublished case of *Fisher v. Alfa Chemicals Italiana*, 2007 WL 4292250 *1 (9th Cir. 2007).

PAGE 5

from *Prize Frize*, in which the parties disputed the sufficiency of service of process on several non-joining defendants, and one other defendant actually made a general appearance in state court but never joined in the removal notice.  *Prize Frize*, 167 F.3d at 1266.

Even assuming, however, that Werner's original notice of removal was deficient, Werner may cure that technical deficiency by amending its notice of removal despite the fact that the statutory period for removal may have expired.[5]  Although a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period for removal has expired, "a defendant may amend the notice of removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'" *ARCO Environmental Remediation, L.L.C. v. Dept. of Health and Environmental Qualify of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (*citing* 28 U.S.C. § 1653).

---

[5]  Werner maintains that the thirty day period for removal has not yet expired because it is not triggered until after the final defendant has been served.  Def.'s Response, 7.  Although some jurisdictions follow the last-served rule, "the Ninth Circuit has yet to decide whether the thirty-day period begins to run on all defendants based on the first-served defendant, or if the period is renewed with each additional defendant served." *Alarcon v. Shim Inc.*, 2007 WL 2701930 *4 (N.D. Cal. 2007) (c*iting United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 763 n. 4 (9th Cir. 2002)). Because Werner is entitled to amend its notice of removal on other grounds, this Court need not attempt to resolve this question today.

PAGE 6

Allowing Werner to amend its notice of removal to explain that Janvier and Rosier have not been served will simply serve to correct a facially defective allegation of jurisdiction and would certainly not go so far as to add a separate basis for removal. Such technical amendments are permissible, even after the expiration of the thirty day period for removal. *See Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir. 1982) (allowing the defendant to amend its removal petition after the thirty day period to allege that remaining defendants were not required to join in the removal because they were nominal parties); *Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254, 257-58 (E.D. Pa. 2002) (finding that even if the defendant's notice of removal was deficient for failing to explain the absence of a nominal defendant, the defendant could file an amended notice "to remedy any error particularly since the amendment did not affect the court's subject matter jurisdiction but simply corrected a technical omission.").

Particularly where St. Vincent has known all along that Janvier and Rosier remain unserved, and recognizes that unserved defendants need not consent to or join in a removal, the Court fails to see how allowing Werner to amend its notice of removal to explain what St. Vincent already knows will cause him any prejudice whatsoever.

For all of the above reasons,

PAGE 7

      **IT IS RECOMMENDED** that the Plaintiff's motion to remand be **DENIED,** and Werner be granted leave to file an amended notice of removal to explain why Janvier and Rosier have not joined in or consented to the removal of this action.[6]

      NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

               DONE and DATED this 27th day of June, 2008


                    /s/ Jeremiah C. Lynch
                    Jeremiah C. Lynch
                    United States Magistrate Judge

---

[6]  The record reflects that Werner filed an "Amended Petition and Notice of Removal" on June 23, 2008.  Dkt. # 14.  Werner has added the following explanatory sentence: "Defendants Smyth Janvier and Jean Getro Rosier have not joined in this Amended Petition and Notice of Removal because they have not yet been served in this action."  Dkt. #14, ¶ 9.  Proper procedure would have been for Werner to file a motion asking for leave to file its amended document.  Nevertheless, because the Court finds it appropriate to allow to such an amendment, the Amended Petition and Notice of Removal should govern from this point forth.

PAGE 8