Kristine J. Beal
Ryan Shaffer
**BEAL LAW FIRM, PLLC**
121 Hickory St., Suite 4
P.O. Box 8898
Missoula, MT 59807-8898
Phone: (406) 728-2911
Facsimile: (406) 728-2912
Email: kbeal@beallawfirm.com

Attorneys for Defendant
Werner Enterprises, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| THOMAS ST. VINCENT, <br><br> Plaintiff, <br><br> vs. <br><br> WERNER ENTERPRISES, INC.; JANVIER SMYTH; and JEAN GETRO ROSIER, <br><br> Defendants. | No. CV-08-73-M-DWM-JCL <br><br> **STIPULATION FOR PROTECTIVE ORDER** |

    The parties, as evidenced by the signature of their respective counsel of record, hereby stipulate to the following protective order in this matter:

### STIPULATED PROTECTIVE ORDER

    1.    When producing any document in response to a discovery request in this action, the party producing such document may designate and mark the document as a confidential document if the document contains any

confidential information, as defined in §7(b) herein. The party producing such document shall make such designation by including or placing a permanent writing or mark on the document that reads: "Confidential." (Such designated documents shall be referred to hereinafter as "Confidential Document(s)." Reference herein to any "Confidential Document(s)" includes copies thereof.)

2. A party shall not designate or mark any document as Confidential if that document does not contain any confidential information.

3. A party to whom a Confidential Document has been produced through discovery shall not give, distribute, disclose and/or otherwise reveal that Confidential Document to any non-party unless such distribution or disclosure is necessary for the prosecution of the claims herein or the defense to those claims and unless the non-party to whom such necessary distribution or disclosure is made first signs a written confidentiality agreement wherein that non-party:

(a) Promises to keep the Confidential Document strictly private and confidential;

(b) Promises not to copy, distribute, disclose and/or otherwise reveal the Confidential Document or any confidential information contained therein to any other person or entity. This disclosure limitation is not intended to limit any non-party's disclosure of a Confidential Document or any confidential information contained therein to that non-party's staff, employees or partners, disclosure to whom is reasonably necessary for purposes of that non-party's tasks or involvement in the above-captioned litigation. Such

non-party's signature on the Confidential Agreement shall warrant and covenant that he or she is signing on behalf of his/her staff, employees, partners and company, and that all such persons and entities to whom the non-party reveals the Confidential Document and/or any confidential information contained therein shall be provided a copy of the Confidential Agreement and this Protective Order and that each such staff, employee, partner and company shall be subject to and will abide by the Confidential Agreement and this Protective Order.

(c) Promises not to use any confidential information learned or obtained from the Confidential Document for any purposes other than the purposes of the litigation in the above-captioned matter; and

(d) Agrees to be subject to all of the terms of this Protective Order. A party's use of a confidentiality agreement that is the same as the Confidentiality Agreement attached hereto as **Exhibit A** shall satisfy the requirements set forth in ¶3.

4. Each party shall keep the written confidentiality agreements they obtain from non-parties and shall keep a written log of each Confidential Document that they show, give, distribute, disclose and/or otherwise reveal to any non-party. However, in order to protect the parties' respective attorney-client communications and/or the work-product of the parties' respective attorneys, a party is under no obligation to disclose or reveal either their confidentiality agreements and/or log of disclosed Confidential

Documents to any of the other parties unless this Court, or other court of competent jurisdiction, issues an order requiring the party to disclose or reveal their confidentiality agreements and/or log of disclosed Confidential Documents to the other party.

5. Nothing in this protective order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect any party's right or ability to use any Confidential Document or information contained therein, as part of their prosecution and/or defense of this action. Nothing in this protective order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect any person's ability to provide any testimony or opinion as to any Confidential Document and/or any information contained therein. Furthermore, nothing in this protective order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect the credibility, admissibility, relevance and/or weight of any Confidential Document and/or information contained therein.

6. In order to protect the parties' respective attorney-client communications and/or the work product of the parties' respective attorneys, a party shall be under no obligation to return any Confidential Documents, or copies thereof to the party that produced such documents after this lawsuit has been concluded. However:

    (a) The terms of this Protective Order shall remain in full force and effect after this lawsuit has been concluded and any and all appeals have been exhausted;

    (b) The parties are ordered not to give, disclose, distribute and/or

otherwise reveal any Confidential Document or confidential information contained therein to any non-party after this lawsuit has been concluded and any and all appeals have been exhausted; and

(c) Any non-party, to whom any Confidential Document or any confidential information contained therein was disclosed, must return copies of all such Confidential Document and any confidential information contained therein to the party who disclosed to the non-party within two weeks of the conclusion of the above-captioned litigation. If a non-party to whom any Confidential Document was disclosed fails or refuses to return the Confidential Document to the disclosing party within two weeks of the conclusion of the above-captioned litigation, the party who disclosed the Confidential Document to the non-party must, within 30 days of the failure or refusal, notify the other parties of that non-party's failure/refusal to return Confidential Documents.

It shall be the responsibility of the disclosing party to undertake reasonable efforts to insure that the terms set forth in ¶6(c) are complied with in a timely manner. If a non-party refuses or fails to return the Confidential Document(s) and/or all confidential information contained therein to the disclosing party, the disclosing party shall notify the other party about the non-party's refusal and/or failure to return Confidential Document(s) and/or all confidential information.

7. For purposes of this Protective Order, the following terms are

defined as follows:

 (a) The term "party" and/or "parties" means and refers, collectively and individually, to:

  (1) The plaintiff;

  (2) The defendants;

  (3) Any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, intervener and/or other party to this action; and

  (4) Any attorney and/or law firm that is or has been hired and/or retained to represent any of the persons or entities described in ¶7(a)(1)-(3) above in this action, including such attorney's and/or law firm's secretaries, paralegals, clerks and/or other support staff.

 (b) The term "confidential information" means and refers to any and all trade secrets (as defined by Montana Code Annotated § 30-14-402(4), proprietary information, formulas, calculations, methods, works documents and/or other secrets that a party has previously and continuously kept and maintained as private and confidential. The term "confidential information" does not include or refer to any information that is in the public domain or that has been freely published, distributed, disseminated, disclosed and/or otherwise revealed to the public.

8. The terms of this Protective Order shall automatically be effective

against any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, and/or other party to this action.

All signers of this document are registered users of the ECF system and consent to the electronic filing of this Stipulation for Protective Order. A proposed Protective Order is attached to this Stipulation as **Exhibit B**.

Dated this 29th day of December, 2008

/s/ Kristine J. Beal
Kristine J. Beal
Attorney for Defendant Werner Enterprises, Inc.

/s/ Milton Datsopoulos
Milton Datsopoulos, Esq.
Attorney for Plaintiff Thomas St. Vincent

STIPULATION FOR PROTECTIVE ORDER

**Exhibit A**

BEAL LAW FIRM, PLLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS ST. VINCENT,<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.;<br>JANVIER SMYTH; and JEAN<br>GETRO ROSIER,<br><br>Defendants. | No. CV-08-73-M-DWM-JCL<br><br>CONFIDENTIALITY<br>AGREEMENT |

I have read the Protective Order ("Protective Order") concerning the confidentiality of confidential information, including but not limited to certain documents and testimony filed in the above-captioned litigation. I understand that the Protective Order is a court order with the purpose to preserve the confidentiality of "Confidential Information" (defined in the Protective Order). I also understand that the Protective Order restricts the use, disclosure and

retention of such Confidential Information and also requires the safeguarding and the return of documents and other materials containing Confidential Information.

I agree to comply with all provisions of the Protective Order with respect to any Confidential Information that is furnished to me. I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

DATED this _____ day of _____, 200__

_____

Print Name:_____

STIPULATION FOR PROTECTIVE ORDER

**Exhibit B**

BEAL LAW FIRM, PLLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| THOMAS ST. VINCENT,<br><br>    Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.;<br>JANVIER SMYTH; and JEAN<br>GETRO ROSIER,<br><br>    Defendants. | No. CV-08-73-M-DWM-JCL<br><br><br>**PROTECTIVE ORDER** |

Based on the parties' Stipulation for Protective Order, THE COURT HEREBY ISSUES THE FOLLOWING:

PROTECTIVE ORDER

1. When producing any document in response to a discovery request in this action, the party producing such document may designate and mark the document as a confidential document if the document contains any confidential information, as defined in §7(b) herein. The party producing such document shall make such

designation by including or placing a permanent writing or mark on the document that reads: "Confidential." (Such designated documents shall be referred to hereinafter as "Confidential Document(s)." Reference herein to any "Confidential Document(s)" includes copies thereof.)

2. A party shall not designate or mark any document as Confidential if that document does not contain any confidential information.

3. A party to whom a Confidential Document has been produced through discovery shall not give, distribute, disclose and/or otherwise reveal that Confidential Document to any non-party unless such distribution or disclosure is necessary for the prosecution of the claims herein or the defense to those claims and unless the non-party to whom such necessary distribution or disclosure is made first signs a written confidentiality agreement wherein that non-party:

(a) Promises to keep the Confidential Document strictly private and confidential;

(b) Promises not to copy, distribute, disclose and/or otherwise reveal the Confidential Document or any confidential information contained therein to any other person or entity. This disclosure limitation is not intended to limit any non-party's disclosure of a Confidential Document or any confidential information contained therein to that non-party's staff, employees or partners, disclosure to whom is reasonably necessary for purposes of that non-party's tasks or involvement in the above-captioned litigation. Such non-party's signature on the Confidential Agreement shall warrant and covenant that he or she is signing on behalf of his/her staff, employees, partners and company, and

that all such persons and entities to whom the non-party reveals the Confidential Document and/or any confidential information contained therein shall be provided a copy of the Confidential Agreement and this Protective Order and that each such staff, employee, partner and company shall be subject to and will abide by the Confidential Agreement and this Protective Order.

(c) Promises not to use any confidential information learned or obtained from the Confidential Document for any purposes other than the purposes of the litigation in the above-captioned matter; and

(d) Agrees to be subject to all of the terms of this Protective Order.

A party's use of a confidentiality agreement that is the same as the Confidentiality Agreement attached as Exhibit A to the parties' Stipulation for Protective Order shall satisfy the requirements set forth in ¶3.

4. Each party shall keep the written confidentiality agreements they obtain from non-parties and shall keep a written log of each Confidential Document that they show, give, distribute, disclose and/or otherwise reveal to any non-party. However, in order to protect the parties' respective attorney-client communications and/or the work-product of the parties' respective attorneys, a party is under no obligation to disclose or reveal either their confidentiality agreements and/or log of disclosed Confidential Documents to any of the other parties unless this Court, or other court of competent jurisdiction, issues an order requiring the party to disclose or reveal their confidentiality agreements and/or log of disclosed Confidential Documents to the other party.

5. Nothing in this protective order shall be deemed or construed so as to

limit, restrict, exclude and/or otherwise affect any party's right or ability to use any Confidential Document or information contained therein, as part of their prosecution and/or defense of this action. Nothing in this protective order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect any person's ability to provide any testimony or opinion as to any Confidential Document and/or any information contained therein. Furthermore, nothing in this protective order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect the credibility, admissibility, relevance and/or weight of any Confidential Document and/or information contained therein.

6.  In order to protect the parties' respective attorney-client communications and/or the work product of the parties' respective attorneys, a party shall be under no obligation to return any Confidential Documents, or copies thereof to the party that produced such documents after this lawsuit has been concluded. However:

(a) The terms of this Protective Order shall remain in full force and effect after this lawsuit has been concluded and any and all appeals have been exhausted;

(b) The parties are ordered not to give, disclose, distribute and/or otherwise reveal any Confidential Document or confidential information contained therein to any non-party after this lawsuit has been concluded and any and all appeals have been exhausted; and

(c) Any non-party, to whom any Confidential Document or any confidential information contained therein was disclosed, must return copies of all such Confidential Document and any confidential information contained therein to the party who disclosed to the non-party within two weeks of

the conclusion of the above-captioned litigation. If a non-party to whom any Confidential Document was disclosed fails or refuses to return the Confidential Document to the disclosing party within two weeks of the conclusion of the above-captioned litigation, the party who disclosed the Confidential Document to the non-party must, within 30 days of the failure or refusal, notify the other parties of that non-party's failure/refusal to return Confidential Documents.

It shall be the responsibility of the disclosing party to undertake reasonable efforts to insure that the terms set forth in ¶6(c) are complied with in a timely manner. If a non-party refuses or fails to return the Confidential Document(s) and/or all confidential information contained therein to the disclosing party, the disclosing party shall notify the other party about the non-party's refusal and/or failure to return Confidential Document(s) and/or all confidential information.

    7.    For purposes of this Protective Order, the following terms are defined as follows:

    (a)    The term "party" and/or "parties" means and refers, collectively and individually, to:

    (1)    The plaintiff;

    (2)    The defendants;

    (3)    Any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, intervener and/or other party to this action; and

    (4)    Any attorney and/or law firm that is or has been hired and/or retained to represent any of the persons or entities described in

        ¶7(a)(1)-(3) above in this action, including such attorney's and/or law firm's secretaries, paralegals, clerks and/or other support staff.

(b)    The term "confidential information" means and refers to any and all trade secrets (as defined by Montana Code Annotated § 30-14-402(4), proprietary information, formulas, calculations, methods, works documents and/or other secrets that a party has previously and continuously kept and maintained as private and confidential. The term "confidential information" does not include or refer to any information that is in the public domain or that has been freely published, distributed, disseminated, disclosed and/or otherwise revealed to the public.

8.    The terms of this Protective Order shall automatically be effective against any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, and/or other party to this action.

**DATED** this ___ day of _____, 2008.

 

Jeremiah C. Lynch
United States Magistrate Judge