Kristine J. Beal
John B. Horrell
**BEAL LAW FIRM, PLLC**
121 Hickory St., Suite 4
P.O. Box 8898
Missoula, MT 59807-8898
Phone:   (406) 728-2911
Facsimile:   (406) 728-2912
Email:    kbeal@beallawfirm.com

Attorneys for Defendant
Werner Enterprises, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| THOMAS ST. VINCENT,<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.;<br>JANVIER SMYTH; and JEAN<br>GETRO ROSIER,<br><br>Defendants. | No.  CV-08-73-M-DWM-JCL<br><br><br>**WERNER'S RESPONSE TO NOTICE OF PLAINTIFF'S FED.R.CIV.P. 26(a)(3) and 37(c) OBJECTIONS** |

Defendant Werner Enterprises, Inc. ("Werner"), by and through its counsel of record the Beal Law Firm, PLLC, respectfully submits this Response to Notice of Plaintiff's Fed.R.Civ.P. 26(a)(3) and 37(c) Objections (Dkt. #115).

//

**Werner timely disclosed Steve Kieffer as a trial witness and also has the right to call him as an impeachment or rebuttal witness.**

Steve Kieffer is a Human Resource Manager at Biofuel Energy Corp., where St. Vincent was employed as a Boiler Operator in 2008 after the accident at issue.   Mr. Kieffer has personal knowledge regarding the requirements for that position (including the physical requirements), St. Vincent's job performance in that position, his rate of pay, St. Vincent's volitional choice to quit working at Biofuel, and Biofuel's willingness to retain St. Vincent as an employee had he complied with company policies.  All of this information is directly relevant to St. Vincent's claims that he suffered physical and mental injuries in the accident and that those alleged injuries have caused him to suffer, among other alleged damages, past and future lost wages and lost earning capacity.  *Final Pretrial Order, p. 14 (Dkt. #99)*. Accordingly, Werner timely identified Steve Kieffer as a "will call" trial witness. *See Werner's Will Call Exhibit List attached to the Final Pretrial Order (Dkt. #99-3).*   St. Vincent, asserting that Mr. Kieffer was not timely disclosed, recently filed a written objection to Werner's identification of Mr. Kieffer as a witness in an attempt to prevent the jury from hearing his relevant testimony. *Notice of Pl.'s Fed.R.Civ.P. 26(a)(3) and 37(c) Objections (Dkt. #115).*

Contrary to St. Vincent's assertions, Werner timely disclosed Mr. Kieffer as a trial witness pursuant to governing law and has the right to call him as an impeachment or rebuttal witness as well.


//

---

## I.      Werner timely disclosed Mr. Kieffer as a trial witness.

Non-expert trial witnesses do not have to be specifically identified as "trial witnesses" until submission of the final pretrial order.  Specifically, this Court's Local Rules provide in relevant part:

> The final pretrial order must address the following matters:
>
> *          *          *
>
> (10) *Witnesses*.  Each party must identify in separate witness lists each witness who will be called, and each witness who may be called.  A witness on either list must be identified by name and city an state of current residence. Witness lists must be in the form set forth in Form E and must be attached as exhibits to the proposed final pretrial order.

L.R. 16.4(b)(10).  This Local Rule is in accord with the Federal Rules of Civil Procedure 26(a)(3), which provides in relevant part that parties are required "at least 30 days before trial" to:

> provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
> (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises[.]

Fed.R.Civ.P.  26(a)(3)(A)(i) and 26(a)(3)(B);  *see also*  Fed.R.Civ.P.  16 (providing for final pretrial conferences and orders, and stating that "identifying witnesses" is a matter that may be addressed at any pretrial conference).  Specifically identifying individuals as "trial witnesses" in the Final Pretrial Order or at the final pretrial conference is also the widely-accepted practice and procedure in other federal courts.   *See e.g. Hottenstein v. Burlington Northern R. Co.*, 1998 WL 378429, *5 (N.D. Ill. 1998) ("a party is not required to identify trial witnesses until the pretrial order");  *see also*

Fed.R.Civ.P. 16 (providing for final pretrial conferences and orders, and stating that "identifying witnesses" is a matter that may be addressed at pretrial conferences); *Borck v. R.J. Auto Parts and Service, Inc.*, 864 F.2d 677 (10th Cir. 1988) (citing former Fed.R.Civ.P. 16(c)(5), which is now numbered 16(c)(2)(G),  for the rule "[t]he Federal Rules of Civil Procedure specify the pretrial conference as the appropriate occasion on which to identify witnesses"); *D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 53 (D.D.C. 2008 (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2013 (2d ed.1994), for the "traditional view," which that court has adopted, that trial witnesses do not have to be identified until the parties file their final "Pretrial Statement," which is that court's term for a final pretrial order); *Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Illinois*, 1990 WL 70855, *7 (N.D.Ill. 1990) (citing 8 Wright & Miller, Federal Practice and Procedure: Civil § 2013 for the rule that "it is inappropriate to expect counsel to provide [trial witness identities] until the pretrial conference").

Here, the deadline for specifically identifying "trial witnesses" in this case was March 8, 2010, which was the deadline for the Parties to file the joint proposed Final Pretrial Order, including, among other information, their trial witness lists. *Order, p. 2 (Dkt. 92).*  Werner complied with that deadline by specifically identifying Mr. Kieffer in its "Will Call" witness list that was submitted with the Final Pretrial Order.  *See Werner's Will Call Exhibit List attached to the Final Pretrial Order (Dkt. #99-3)*.  Furthermore, Werner had actually notified St. Vincent that it intended to call Mr. Kieffer as trial witness

as early as January 4, 2010—more than two months before the March 8th

disclosure deadline and more than two-and-a-half months before the March

22nd trial.  *See the Jan. 4, 2010 e-mail transmittal from Werner's counsel to*

*St. Vincent's counsel, with Werner's draft witness list, attached as **Exhibit 1**.*[1]

　　　In accordance with the foregoing law and contrary to St. Vincent's

assertions, Werner timely disclosed Mr. Kieffer as a trial witness and was not

previously required to identify him as such in its Initial Disclosures.  Trial

witnesses" do not have to be disclosed in Initial Disclosures.  Fed.R.Civ.P.

26(a)(1)(A)(i).  Litigants are only required to disclose "individuals likely to have

discoverable information."  *Id.*  In Werner's Initial Disclosure, which was

served on St. Vincent on August 19, 2008, Werner specifically identified "St.

Vincent's Past and Present Employers" as individuals likely to have

discoverable information.  *Werner's Initial Disclosure, p. 5 (attached as*

***Exhibit 2)**.*  Werner also expressly stated in its Initial Disclosure:

> No discovery has yet occurred in this matter, and Werner
> respectfully reserves the right to identify individuals and/or entities
> who may have information which may be used in proving or
> denying the parties' respective claims or defenses and/or to
> further summarize information the individuals and/or entities listed
> above may have.

*Id.*  At the time of that disclosure, St. Vincent was employed at Biofuel, which

was thus a "present employer" as identified in Werner's Initial Disclosure.

　　　Similarly, Werner was also not required to identify Mr. Kieffer as a "trial

witness" in response to an improper interrogatory as St. Vincent mistakenly

---

[1] As this Exhibit establishes, St. Vincent's assertion in his Notice of objection that Werner first notified him that it intended to call Mr. Kieffer as a trial witness on March 3, 2010 is mistaken.  *See Dkt. #115, p. 4.*

contends. *See Notice of Pl.'s Fed.R.Civ.P. 26(a)(3) and 37(c) Objections (Dkt. #115).* As numerous Courts have explained, "trial witnesses" do not have to be identified in response to an interrogatory requesting such information:

- *Borck, supra.* 864 F.2d at 679:

> Ordinarily, however, discovery is not the state of litigation at which a party identifies its prospective witnesses. *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 303 n. 2 (8th Cir.); *Wirtz v. Continental Finance & Loan Co.*, 326 F.2d 561, 564 (5th Cir.). The Federal Rules of Civil Procedure specify the pretrial conference as the appropriate occasion on which to identify witnesses. Fed.R.Civ.P. 16(c)(5).

- *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 303, n. 2 (8th Cir. 1974):

> discovery is not ordinarily the proper stage in litigation to compel from an opponent the names of his prospective witnesses. *See*, 8 Wright & Miller, Federal Practice and Procedure § 2013 at 106-107 (1970). *See also, Wirtz v. Continental Finance & Loan Co. of West End*, 326 F.2d 561, 564 (5th Cir. 1964); *Wirtz v. Hooper-Holmes Bureau Inc.*, 327 F.2d 939, 942-943 (5th Cir. 1964) (dictum); *Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14, 16 (5th Cir. 1962).Since the period between the order to produce and the trial date was almost three months, we view it as a discovery and not an immediate pretrial order. We do not say that a District Court may never compel compilation or production of witness lists at the discovery stage. But we do note that it is rare for a trial court to do so, and the infrequency of such an order should be borne in mind when assessing the propriety of the discovery order here.

- *D'Onofrio, supra*, 247 F.R.D. at 53-54:

> There exists a case from this court that deviates from the traditional view by holding that a party may be compelled to disclose during discovery the identity of

trial witnesses. *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 82 (D.D.C.1999). The holding in *McKesson* does not appear to be the majority view, however. *See, e.g., Brock v. R.J. Auto Parts and Serv., Inc.*, 864 F.2d 677, 679 (10th Cir.1988) (trial court erred in issuing discovery order requiring disclosure of identities of individuals upon whose testimony plaintiff intended to rely); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D.Kan.1998) (interrogatory requesting list of all witnesses and substance of their testimony held to be unduly burdensome because it did not seek material facts about case or contentions of party, but rather sought counsel's decisions about trial strategy); *Kedzior v. Talman Home Federal Sav. & Loan Ass'n of Illinois*, No. 89 C 4188, 1990 WL 70855, at *6-7 (N.D.Ill. May 10, 1990) (denying plaintiff's motion to compel responses to interrogatories seeking identities of defendant's trial witnesses and expected testimony of witnesses on the grounds that requiring party to disclose such information during discovery before full evaluation of trial strategy was unreasonable); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 58 (D.N.J.1985) (holding that interrogatories that sought the identification of trial witnesses were "premature and need not be answered").

- *Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Illinois*, 1990 WL 70855, *7 (N.D.Ill. 1990):

> While there is no absolute prohibition on discovering the witnesses the opposing party intends to call at trial, the better and more widely adopted position is that it is inappropriate to expect counsel to provide this information until the pretrial conference. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2013. The very logical reason for this preference is that during the discovery process, counsel is not likely to have fully evaluated the information he has received through his discovery requests. Thus, to force a party to divulge a list of witnesses he intends to call at trial before he has had ample time to make an informed determination regarding his trial strategy is unreasonable. Thus, contrary to plaintiff's argument, the point in time at which plaintiff receives this information is not a mere formality. Accordingly,

plaintiff is not entitled to this information pursuant to these discovery requests.

Despite the fact that Werner was not specifically required to identify its "trial witnesses" in response to St. Vincent's improper interrogatory, on November 17, 2009, Werner produced St. Vincent's entire Biofuel personnel file to him in a supplemental response to his improper interrogatory requesting trial witnesses and other information.  *See Werner's Second Supplemental Answer to Interrogatory No. 3 (Dkt. #115-3 at "Page 3 of 6").*  That file, which Plaintiff himself has identified as a "will offer" trial exhibit, contains numerous memorandums and other documents identifying Mr. Kieffer and detailing matters such as meetings that St. Vincent personally had with him.  *See Pl.'s Will Offer Exhibit #22 and Dkt.#99-5 at "Page 7 of 7."*  Furthermore, Werner had previously provided that personnel file to St. Vincent two months prior to that supplemental discovery response, on September 17, 2009.  *See Sept. 17, 2009 Biofuel file "Transmittal" from Werner's counsel to St. Vincent's counsel attached as **Exhibit 3***.  Thus, St. Vincent had all information pertaining to Mr. Kieffer more than six months ago.

Finally, in addition to these facts establishing that Werner timely disclosed Mr. Kieffer as a trial witness in accordance with governing law, it is evident that Mr. St. Vincent was in a far better position than Werner to know what information Mr. Kieffer might have and why that information would be relevant to St. Vincent's claims.  St. Vincent worked at Biofuel and specifically met with Mr. Kieffer regarding employment issues related to, among other things, his physical condition and his prospects for continued employment at

Biofuel.  St. Vincent's assertion that he has somehow been "surprised" by Werner's timely identification of Mr. Kieffer as a trial witness therefore rings hollow.

Accordingly, St. Vincent's request that Werner be precluded from calling Mr. Kieffer as a trial witness as a sanction for untimely disclosure under Federal Rule of Civil Procedure 37 should be denied.  Even if Werner had failed to timely disclose Mr. Kieffer as a trial witness, evidence should not be excluded under Rule 37 if the untimely disclosure was "substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).  "The Advisory Committee notes to the 1993 amendments to the rule state that the harmlessness provision is intended to 'avoid unduly harsh penalties in a variety of situations.' Illustrative examples are late disclosures of a potential witness known to all parties...." *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006).  There is no question that St. Vincent was well aware that Mr. Kieffer was a potential witness.   Factors the Court may consider in assessing "harmlessness" include:

> the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects. Surprise and prejudice are important integers in this calculation. So too is an assessment of what the late disclosure portends for the court's docket.

*Gagnon*, 437 F.3d at 197-198.

Here, none of these factors weigh in favor of precluding Mr. Kieffer from testifying, and all of them support a finding of "harmlessness".  The history of this litigation, summarized above, shows that Werner specifically identified

"past and present employers," which includes Biofuel and its personnel, as possibly having discoverable information; that Werner produced St. Vincent's entire Biofuel personnel file to him on September 17, 2009, and again on November 17, 2009; and that Werner expressly identified Mr. Kieffer as a trial witness on January 4, 2010, more than two months before the March 8, 2010 deadline.   The same facts also establish that St. Vincent will not be "surprised" by anything Mr. Kieffer may have to say. The "justification for the late disclosure" factor is irrelevant because Mr. Kieffer was timely disclosed. And finally, St. Vincent can attempt to overcome any adverse effects or "prejudice" from Mr. Kieffer's testimony by producing evidence, such as his own testimony and testimony and evidence from his treating physicians, that he allegedly was not capable of continuing his employment at Biofuel.  Thus, even if Werner's express identification of Mr. Kieffer as a trial witness had been untimely—which it was not—any such untimely disclosure was harmless, and exclusion of Mr. Kieffer's relevant testimony as a Rule 37 sanction would therefore be improper.

## II.   Werner also has the right to call Mr. Kieffer as an impeachment or rebuttal witness.

"Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party."  *Sterkel v. Fruehauf Corp.*, 975 F.2d 528, 532 (8th Cir. 1992).  "It is well-settled that the credibility of any witness is in issue when he testifies, and therefore, is subject to impeachment."  *U.S. v. Zouras*, 497 F.2d 1115, 1118 n. 8 (7th Cir. 1974).  Additionally, a plaintiff in a personal

injury action, "when he testified as his own witness, was subject to impeachment the same as any other witness would be." *Bedwell v. Grand Trunk Western R. Co.*, 226 F.2d 150, 154 (7th Cir. 1955).  It is therefore permissible to call a witness solely to offer testimony impeaching or rebutting the testimony of a prior witness.  *See e.g. U.S. v. Webb*, 533 F.2d 391, 295-296 (8th Cir. 1976) (district court properly allowed the prosecution to call a witness to provide rebuttal testimony regarding matters that the defendant raised during his own cross-examination testimony).  Similarly, it is also permissible to call a witness solely to offer testimony impeaching or rebutting evidence pertaining to an element of a party's claim or defense.  *See e.g. U.S. v. Marsh*, 451 F.2d 219, 220-221 (9th Cir. 1971) (district court properly admitted testimony from six witnesses to rebut the defendant's alibi defense).

Additionally, litigants are not required to identify witnesses who will be called at trial solely for impeachment or rebuttal.  *See* Fed.R.Civ.P. 26(a)(3) (final pretrial disclosures do not have to identify witnesses or other evidence used "solely for impeachment"); *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005 ("[i]n accordance with Fed.R.Civ.P. 26(a)(1)(A) & (3), evidence offered "solely for impeachment purposes" does not have to be disclosed prior to trial"); *Shields v. Graphic Media, Inc.*, 2003 WL 25680369, *1 (D. Wyo. 2003) (denying motion in limine to exclude additional witnesses because they "are rebuttal witnesses and are not required to be included on the witness list"); *Smith v. Dwire Co.*, 2005 WL 3543058, *3 (D. Colo. 2005 ("if the witness is used only for rebuttal purposes, defendants are not required even to disclose such a witness-at least, not technically").

Thus, even if Werner is found to have failed to timely identify Mr. Kieffer as a "trial witness" who will give testimony in response to a direct examination by Werner during its case-in-chief, Werner may still call Mr. Kieffer as an impeachment or rebuttal witness if St. Vincent presents evidence, such has his own testimony, that is subject to impeachment or rebuttal.  By way of example only, if Werner asks St. Vincent at trial whether he refused to provide Biofuel with medical documentation regarding his alleged medical restrictions and/or limitations, and St. Vincent says "No," then Werner may call Mr. Kieffer to establish that St. Vincent did in fact refuse to provide such documentation to Biofuel.  These are exactly the type of contradictory facts that defendants such as Werner are entitled to establish through an impeachment witness. *See U.S. v. Cuadrado*, 413 F.2d 633, 635 (2nd Cir. 1969) ("[w]here a defendant in his direct testimony falsely states a specific fact, 'the prosecution will not be prevented from proving, either through cross-examination or by calling its own witness, that he lied as to that fact'"); *see also U.S. v. Kincaid-Chaucey*, 556 F.3d 923, 932 (9th Cir. 2009) ('[i]mpeachment by contradiction 'permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence'").

Thus, regardless of whether Werner is found to have timely disclosed Mr. Kieffer as a "trial witness," Werner may still present him as an impeachment or rebuttal witness.

## CONCLUSION

Notably, St. Vincent, in seeking to preclude Mr. Kieffer from testifying, never asserts that Mr. Kieffer's testimony will be irrelevant.  It is evident that

St. Vincent does not, and indeed cannot, challenge the relevance of Mr. Kieffer's testimony because St. Vincent knows better than anyone (except perhaps Mr. Kieffer) that he personally met with Mr. Kieffer, told him about the accident at issue, and asserted to Mr. Kieffer that the accident caused him to suffer alleged injuries that allegedly prohibited him from performing a job he applied for, was medically cleared to do, and was hired to perform, then refused to provide medical proof of those alleged injuries because doing so, according to St. Vincent, might jeopardize his "million dollar" recovery in the present lawsuit.  Thus, rather than substantively challenging Mr. Kieffer's testimony, St. Vincent has chosen instead to rely upon an overly-technical (mis)construction of the law governing pre-trial disclosures, so he can present a one-sided view of the real truth. However,  as the Ninth Circuit Court of Appeals has previously ruled:

> The trial is a search for the truth; it is up to the jury, not [a party], to decide the facts, weighing the credibility of witnesses. By allowing only one side of the story to be presented, [one party] unfairly tipped the scales in its favor.  The proper approach would have been to allow [a witness] to testify[.]

Werner therefore respectfully requests the Court to deny St. Vincent's request to preclude Mr. Kieffer from testifying as set forth in his Notice of Plaintiff's Fed.R.Civ.P. 26(a)(3) and 37(c) Objections (Dkt. #115).

Dated this 19th day of March, 2010.

  /s/ Kristine J. Beal  
Kristine J. Beal  
Attorneys for Defendant  
Werner Enterprises, Inc.

  /s/ John B. Horrell  
John B. Horrell  
Attorneys for Defendant  
Werner Enterprises, Inc.

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies that this brief complies with L.R. 7.1(d)(2)(A).  According to the word-processing system used to prepare this brief, and excluding the caption and certificates of service and compliance, the brief contains 3,437 words.

/s/ Kristine J. Beal
Kristine J. Beal
Attorneys for Defendant
Werner Enterprises, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Beal Law Firm, PLLC, hereby certify that a true and correct copy of the foregoing was forwarded as set forth below, at Missoula, Montana this 19th day of March, 2010.

| 1, 2 | CM/ECF |
|------|--------|
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.   Clerk, U.S. District Court

2.   Milton Datsopoulos
     Matthew Baldassin
     Datsopoulos, MacDonald & Lind, P.C.
     201 West Main, Suite 201
     Missoula, MT 59802
     mdatsopoulos@dmllaw.com
     **Attorneys for Plaintiff**

/s/ Kristine J. Beal
Kristine J. Beal
Attorneys for Defendant
Werner Enterprises, Inc.